1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   POLICARPIO MEDINA,                          CASE NO. 1:10-cv-00683-GBC PC

10                          Plaintiff,          ORDER REQUIRING PLAINTIFF TO EITHER
                                                FILE AMENDED COMPLAINT OR NOTIFY
11          v.                                  COURT OF WILLINGNESS TO PROCEED
                                                ONLY ON COGNIZABLE CLAIMS
12   CHEN, et al.,
                                                (ECF. No. 1)
13                          Defendants.
                                                THIRTY-DAY DEADLINE
14
                                        /
15

16   I.     **Screening Requirement**

17          Plaintiff Policarpio Medina ("Plaintiff") is a state prisoner proceeding pro se and in forma

18   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Currently pending before the Court

19   is the complaint, filed April 19, 2010.

20          The Court is required to screen complaints brought by prisoners seeking relief against a

21   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

22   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

23   "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks

24   monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

25          In determining whether a complaint states a claim, the Court looks to the pleading standard

26   under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and

27   plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

28   "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

1

demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 554, 555 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. <u>Iqbal,</u> 129 S. Ct. at 1949-50; <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" <u>Iqbal</u>, 129 S. Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. <u>Iqbal</u>, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 555).

## II.   **Complaint Allegations**

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is currently incarcerated at the Correctional Training Facility in Soledad. The incidents alleged in the complaint occurred while he was housed at Kern Valley State Prison. Plaintiff brings this action against Defendants Dr. Chen, Chief Medical Officer Sherry Lopez, Dr. Shittu, Dr. Huang, Correctional Officer Concepcion, Psychiatric Technician Mena, and Registered Nurse Helen Tuhin, in their individual and official capacities, for deliberate indifference to his medical needs in violation of the Eighth Amendment, retaliation in violation of the First Amendment, and state law claims for medical malpractice and infliction of emotional distress. Plaintiff is requesting a permanent injunction requiring he be provided with adequate medical treatment, compensatory, nominal, and punitive damages, and costs.

On May 1, 2007, Plaintiff was transferred to Kern Valley State Prison and requested medical care due to excruciating back pain. (Compl. ¶ 12., ECF No. 1.) Plaintiff informed Defendant Chen of his medical history, the medications he had been prescribed, and that the only medication he could take without side effects was Tramadol. (<u>Id.</u>, ¶ 13.) Defendant Chen refused to prescribe Plaintiff

Tramadol, suggesting that he try another medication.  (Id., ¶ 15.)  For approximately nine months Plaintiff's medication was changed every ninety days while he continued to experience excruciating back pain.  (Id., ¶ 16.)  Although Plaintiff informed Defendant Chen that he was not responding well to the medication, Defendant Chen refused to prescribe Tramadol to Plaintiff.  (Id., ¶ 17.)

On February 9, 2008, Plaintiff filed an inmate appeal and Defendant Chen saw Plaintiff for the second level review.  (Id., ¶¶ 17, 18.)  Defendant Chen granted the inmate appeal and prescribed Tramadol, but told Plaintiff that he "602 the wrong person, I won't forget about this."  (Id., ¶ 18.)

On February 14, 2009, Defendant Mena told Plaintiff that his Tramadol prescription was expiring and Plaintiff requested that Defendant Chen be informed so his prescription could be renewed.  Plaintiff expressed his concern that he could go through withdrawal symptoms and Defendant Mena told him she would inform Defendant Chen.  (Id., ¶ 21.)  On February 16, 2009, Defendant Mena told Plaintiff that she did not know why, but that Defendant Chen was not going to renew the prescription.  Plaintiff again expressed his concern that he would experience withdrawal symptoms, but Defendant Mena responded that she had told the doctor and there was nothing she could do.  (Id., ¶ 22.)

On February 19, 2009, Plaintiff's Tramadol prescription ran out and on February 20, 2009, he was unable to eat and experienced vomiting, diarrhea, cold sweats, aching bones, and insomnia. (Id., ¶¶ 23, 24.)  During the morning Defendant Mena came by to dispense medication.  Plaintiff asked for immediate medical attention due to his symptoms and she told him there was nothing she could do for him.  (Id., ¶ 25.)  Plaintiff's symptoms continued and on February 22, 2009, Plaintiff again informed Defendant Mena of his symptoms and she stated there was nothing she could do for him, but that he was scheduled to see the doctor the following day.  (Id., ¶ 28.)

On February 23, 2009, Plaintiff was seen by Defendant Chen, who stated that he remembered Plaintiff because he had filed an inmate appeal against him.  (Id., ¶ 29.)  Plaintiff told Defendant Chen that he was unable to eat, with vomiting and diarrhea, and excruciating lower back pain.  He requested that his Tramadol be renewed.  Defendant Chen said that he did not care and was not going to prescribe the medication.  (Id., ¶ 30.)  Defendant Chen prescribed Tylenol, despite Plaintiff's complaints that he did not do well on Tylenol.  (Id., ¶ 32.)

1    Plaintiff continued to suffer from diarrhea, vomiting, cold sweats, aching bones, violent
2  shakes, insomnia, and excruciating pain.  After taking the Tylenol for five days Plaintiff began
3  experiencing nausea, so he discontinued the medication.  (Id., ¶ 34.)  In February 2009, Plaintiff
4  mailed a letter to Defendant Lopez notifying her about his medical condition and Defendant Chen's
5  refusal to provide adequate medical care.  Defendant Lopez never acknowledged receipt of his letter
6  and did not intervene.  (Id., ¶ 40.)

7    On April 20, 2009, Plaintiff again requested that Defendant Chen prescribe Tramadol and
8  Defendant Chen stated that he could not because Plaintiff was on psychotropic medication which
9  would have a bad reaction.  (Id., ¶ 37.)  Plaintiff went off his psychotropic medication, but Defendant
10  Chen refused to prescribe Tramadol.  (Id., ¶¶ 37, 38.)  Plaintiff was prescribed a different medication.
11  (Id., ¶ 39.)

12    On June 1, 2009, Plaintiff was seen by Defendant Shittu and requested that he be prescribed
13  Tramadol.  Defendant Shittu stated that Plaintiff needed to discuss it with Defendant Chen as he was
14  the doctor who was prescribing his medication.  (Id., ¶ 41.)  Plaintiff informed Defendant Shittu that
15  he was in severe pain while taking the current medication, but Defendant Shittu refused to change
16  the medication.  (Id., ¶¶ 42, 43.)

17    On July 4, 2009, Plaintiff presented to the medical clinic and informed Defendant
18  Concepcion that he was experiencing pain and required emergency care.  (Id., ¶¶ 44, 46.)  Defendant
19  Concepcion, "without any medical training or authority" made the assessment that no emergency
20  existed, causing Plaintiff to "endure excruciating pain for 3 weeks."  (Id., ¶ 47.)

21    On August 31, 2009, Plaintiff was seen by Defendant Huang and informed him of his
22  medical history and desire to take Tramadol.  He told Defendant Huang that he had stopped taking
23  his psychotropic medication so he could take Tramadol.  (Id., ¶ 48.)  Plaintiff pleaded with
24  Defendant Huang for an hour to change his medication because he did not respond well to the
25  current medication and was concerned about side effects, but Defendant Huang said that he would
26  not change Defendant Chen's order.  (Id., ¶¶ 49-51.)

27    On September 3, 2009, Plaintiff was suffering pain and was unable to move.  (Id., ¶ 53.)
28  Defendant Tuhin responded with a gurney to transport Plaintiff to the clinic.  (Id., ¶ 54.)  Plaintiff

was to be transported to another facility and Defendant Tuhin told him to sit in a wheelchair. Plaintiff refused because it would "put an enormous amount of pressure on Plaintiff's back." (Id., ¶ 55.)  Plaintiff complained that sitting up would cause him more pain that he was already in, but Defendant Tuhin and two other officers picked Plaintiff up and placed him in the wheelchair while he screamed in pain.  (Id., ¶ 56.)

## III.   Discussion

### A.   Eighth Amendment Medical Care

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs."" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Conn v. City of Reno, 591 F.3d 1081, 1095 (9th Cir. 2010) (quoting Jett, 439 F.3d at 1096).

Deliberate indifference is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm.  Conn, 591 F.3d at 1095 (quoting Jett, 439 F.3d at 1096).  "Deliberate indifference is a high legal standard." Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

While the Court recognizes that this may be merely a difference of opinion between a prisoner and prison medical authorities as to proper treatment, Franklin v. Oregon, 662 F.2d 1337, 1355 (9th Cir. 1981); Mayfield v. Craven, 433 F.2d 873, 874 (9th Cir. 1970), prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Hebbe v. Pliler, 611 F.3d 1202, 1204-05 (9th Cir. 2010) (citations omitted).  Plaintiff has stated a cognizable claim against Defendants Chen, Mena, Shittu, and Lopez

for deliberate indifference to his medical needs.  However, according to the complaint when Plaintiff was seen by Defendant Huang he pleaded to be prescribed Tramadol because he did not respond well to his current medication and was concerned about the side effects.  As alleged Plaintiff's disagreement with the medication is insufficient to show that Defendant Huang was aware of a serious medical need and failed to respond.  Conn, 591 F.3d at 1095, and Plaintiff has failed to state a cognizable claim against Defendant Huang, Franklin, 662 F.2d at 1355.

### B.    Retaliation

Plaintiff claims that Defendant Chan denied his medication in retaliation for Plaintiff filing an inmate appeal due to his failure to prescribe Tramadol.  A plaintiff may state a claim for a violation of his First Amendment rights due to retaliation under section 1983.  Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).  Plaintiff has stated a cognizable claim that Defendant Chen denied him medication in retaliation for Plaintiff filing an inmate appeal.  Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

### C.    Official Capacity

Plaintiff brings this action against Defendants in their official and personal capacities.  However, Plaintiff may not bring suit against Defendants in their official capacity.  "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities."  Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).  The Eleventh Amendment does not bar suits seeking damages from public officials acting in their personal capacities.  Hafer v. Melo, 502 U.S. 21, 30 (1991).

### D.    Rule 18

Plaintiff may not pursue multiple, unrelated claims in this action.  Pursuant to the Federal Rules of Civil Procedure, [a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party."  Fed. R. Civ. P. 18(a).  "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required

filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g)."  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff's allegations against Defendants Concepcion and Tuhin, while related to his pain, are unrelated to the allegations against his medical providers in this action and must be brought in separate actions.

### E.    State Law Claims

Plaintiff also alleges violations of California law.  The Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues.  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2010).  Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit.  State v. Superior Court of Kings County (Bodde), 90 P.3d 116, 119 (Cal. 2004); Shirk v. Vista Unified School District, 42 Cal.4th 201, 209 (2007).

To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act.  Cal. Gov't Code § 950.6; Bodde, 90 P.3d at 123.  "[F]ailure to allege facts demonstrating or excusing compliance with the requirement subjects a compliant to general demurrer for failure to state a cause of action."  Bodde, 90 P.3d at 120.  If Plaintiff chooses to amend his complaint he will need to allege facts sufficient to show he has complied with the requirements of the California Tort Claim Act.  In the paragraphs that follow, the Court will provide Plaintiff with the legal standards that appear to apply to the California state law claims.  Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable.

### 1.    Medical Malpractice

"The elements of a medical malpractice claim are (1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and resulting injury; and (4) actual loss or damage resulting from the professional's negligence."  Avivi v. Centro Medico Urgente Medical Center, 159 Cal.App.4th 463, 468, n.2 (Ct. App. 2008) (internal quotations and citation omitted); Johnson v. Superior Court, 143 Cal.App.4th 297, 305 (2006).

## 2. Infliction of Emotional Distress

### a. Intentional Infliction of Emotional Distress

Under California law, the elements of intentional infliction of emotional distress are: "(1) outrageous conduct by the defendant, (2) intention to cause or reckless disregard of the probability of causing emotional distress, (3) severe emotional suffering, and (4) actual and proximate causation of the emotional distress." Wong v. Tai Jing, 189 Cal.App.4th 1354, 1376 (Ct.App. 2010) (quoting Agarwal v. Johnson, 25 Cal.3d 932, 946 (1979)).  Conduct is "outrageous if it is 'so extreme as to exceed all bounds of that usually tolerated in a civilized community.'"  Simo v. Union of NeedleTrades, Industrial & Textile Employees, 322 F.3d 602, 622 (9th Cir. 2002) (quoting Saridakis v. United Airlines, 166 F.3d 1272, 1278 (9th Cir. 1999)).

In addition to the requirement that the conduct be intentional and outrageous, the conduct must have been directed toward Plaintiff or occur in the presence of Plaintiff and Defendant was aware of his presence.  Simo, 322 F.3d at 622.  The emotional distress must be "of such a substantial quantity or enduring quality that no reasonable man in a civilized society should be expected to endure it."  Id.

### b. Negligent Infliction of Emotional Distress

"A claim of negligent infliction of emotional distress is not an independent tort but the tort of negligence to which the traditional elements of duty, breach of duty, causation and damages apply."  Wong, 189 Cal.App.4th at 1377.  To the extent that Plaintiff is attempting to pursue a separate claim for relief for the negligent infliction of emotional distress, Plaintiff may not do so.

## IV. Conclusion and Order

Plaintiff's complaint states a cognizable claim against Defendants Chen, Mena, Shittu, and Lopez for deliberate indifference to his medical needs in violation of the Eighth Amendment and Defendant Chen for retaliation in violation of the First Amendment, but does not state any other claims for relief under section 1983.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only

against Defendants Chen, Mena, Shittu, and Lopez on the Eighth Amendment claim and Defendant Chen on the First Amendment claim, Plaintiff may so notify the Court in writing.  The other defendants and claims will then be dismissed for failure to state a claim.  Plaintiff will then be provided with four summonses and four USM-285 forms for completion and return.  Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process on Defendants Chen, Mena, Shittu, and Lopez.

If Plaintiff elects to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal,129 S. Ct. at 1948-49; Jones, 297 F.3d at 934. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).  The mere possibility of misconduct is insufficient to state a claim. Iqbal, 129 S. Ct. at 1950.  Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.      Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

   a.      File an amended complaint curing the deficiencies identified by the Court in this order, or

   b.      Notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only against Defendants Chen, Mena, Shittu, and Lopez; and

1          3.        If Plaintiff fails to comply with this order, this action will be dismissed for failure to

2                    obey a court order.

3          IT IS SO ORDERED.

4

Dated:    March 11, 2011

5                                                                    UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28