UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POLICARPIO MEDINA,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>DR. CHEN, et al.,<br><br>　　　　　Defendants.<br>_____ / | CASE NO.   1:10-cv-00683-GBC (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF<br><br>(ECF No. 15) |

**ORDER**

Plaintiff Policarpio Medina ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's "Notice of Motion and Motion for an Order Allowing Plaintiff to Access his Legal Material and to be Provided Meaningful Access to the Court".  (ECF No. 15.)  In it, Plaintiff requests that the Court order that he be allowed to access his legal materials, that the prison provide him with a black ink pen and pen filler, and that he be allowed to access the law library without causing him physical injury or unnecessary pain or suffering. Plaintiff states that he was placed in administrative segregation and was not allowed access to his legal materials and was not given a pen, and that he was granted access to

the library, but he was shackled in a cage which caused bruising on his wrists.  The Court deems these requests, requests for injunctive relief.

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted).  An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and, in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.  "[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04 (1998).

The standard for a permanent injunction is essentially the same as for a preliminary injunction, with the exception that the plaintiff must show actual success, rather than a likelihood of success. See Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 546 n.

12 (1987).  However, the Ninth Circuit has recently revived the "serious questions" sliding scale test, and ruled that a preliminary injunction may be appropriate when a plaintiff demonstrates serious questions going to the merits and the balance of hardships tips sharply in plaintiff's favor.  Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1052-53 (9th Cir. 2010).

In cases brought by prisoners involving conditions of confinement, the Prison Litigation Reform Act (PLRA) requires that any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).  Moreover, where, as here, "a plaintiff seeks a mandatory preliminary injunction that goes beyond maintaining the status quo pendente lite, 'courts should be extremely cautious' about issuing a preliminary injunction and should not grant such relief unless the facts and law clearly favor the plaintiff."  Committee of Central American Refugees v. I.N.S., 795 F.2d 1434, 1441 (9th Cir. 1986) (quoting Martin v. International Olympic Committee, 740 F.2d 670, 675 (9th Cir. 1984)).

Plaintiff fails to meet the all of the legal standards required to be granted an injunction.  To succeed on a motion for such relief, Plaintiff must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.  Plaintiff does not refer to any of the required standards in his request. He simple asks that the Court order the prison to allow him access to his legal materials and the law library.

Here, the service documents have been completed by Plaintiff and returned to the

Court, and the documents have been forwarded to the United States Marshal for service. At this stage in the proceedings, Plaintiff is not required to do anything. It is up to the Marshal to effectuate service. Plaintiff does not need to file anything. The Court finds that, currently, Plaintiff does not need to be allowed access for this case.

Accordingly, it is HEREBY ORDERED that Plaintiff's request for injunctive relief be DENIED without prejudice.

IT IS SO ORDERED.

Dated:   August 1, 2011                                    /s/
                                                    UNITED STATES MAGISTRATE JUDGE